**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00657-MTS |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant The Boeing Company, seeking summary judgment in its favor on three claims filed against it by its former employee, Plaintiff Andrea Clark. For the reasons stated below, this Court will grant summary judgment in favor of Defendant on all three of Plaintiff's claims.

## I. Statement of Facts[1]

Plaintiff began work with The Boeing Company ("Boeing") in 2013, first as a Procurement Cost Analyst 2 and later as a Supply Chain Management Analyst 3. Doc. [34] ¶ 1; Doc. [40] ¶ I.1. As part of this position, Plaintiff negotiated contracts, kept purchase orders up to date, conducted supplier meetings, and coordinated with production employees and the Materials Management Department. Doc. [34] ¶ 3; Doc. [40] ¶ II.1. Plaintiff performed this position in person until 2019, when she requested to work part-

[1] Unless otherwise stated, the following facts are properly supported and undisputed pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 4.01(E) of the Eastern District of Missouri Local Rules. If genuinely disputed, the facts are viewed in a light most favorable to Plaintiff.

time to care for her daughter. Doc. [34] ¶ 10; Doc. [40] ¶ II.1. Boeing granted this request. Doc. [34] ¶ 10; Doc. [40] ¶ II.1. Following the COVID-19 pandemic in 2020, Plaintiff worked remotely and continued to do so even after Boeing's return-to-the-office initiative in 2021. Doc. [34] ¶¶ 12–13; Doc. [40] ¶ II.1.[2]

In February 2024, Plaintiff claims to have developed several conditions that limit her ability to perform her job functions, including: paresthesia, paralysis, double crush syndrome, cervical radiculopathy, lumbar radiculopathy, degenerative disk disease, and bilateral carpal tunnel. *Id.* ¶ III.15; *Clark v. Boeing*, 1:25-cv-10917, ECF No. 25 at 3 (N.D. Ill. Dec. 10, 2025).[3] Plaintiff requested a leave of absence beginning January 12, 2024, which Boeing approved. Doc. [34] ¶ 34; Doc. [40] ¶ II.3. Plaintiff also filed a short-term disability claim, but Boeing denied the claim in March of that same year. Doc. [34] ¶ 43; Doc. [40] ¶ II.4. In response, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission in August. Doc. [34] ¶ 47; Doc. [40] ¶ II.4.

During Plaintiff's leave period, Boeing conducted a company-wide reduction in force ("RIF"), which affected over 10,000 employees. Doc. [34] ¶ 49; Doc. [40] ¶ II.4. As part of this RIF, Boeing chose to terminate Plaintiff. Doc. [34] ¶ 49; Doc. [40] ¶ II.4.

[2] The parties dispute the quality of Plaintiff's performance during this time. According to Plaintiff, she consistently received "met" performance ratings from 2019 to 2022, she received incentive awards from Boeing in both 2021 and 2023, and her managers in this period spoke highly of her. Doc. [40] ¶ III.28. Plaintiff also claims that she never received a negative performance review during this period. *Id.* ¶ III.27.

[3] *Clark v. Boeing* is a separate litigation in the United States District Court for the Northern District of Illinois; however, this Court still cites its factual allegations because Plaintiff confirmed in her deposition in the Missouri litigation that all statements made in the Illinois litigation are true and accurate. Doc. [34-1] at 32:20–25, 36:13–40:5, 52:22–53:22.

Boeing claims two justifications for this decision. First, Boeing claims that Plaintiff's poor performance justified her dismissal. Doc. [34] ¶ 50. Second, Boeing claims that it transitioned Plaintiff's work to the Materials Management Department, making her position effectively redundant; Plaintiff does not dispute this justification. *Id.*; Doc. [40] ¶ I.9. Plaintiff received notice of Boeing's decision on December 7, 2024, while still on leave, and she was terminated on February 21, 2025. Doc. [34] ¶¶ 49, 58; Doc. [50] ¶¶ II.4, II.6.

Plaintiff filed this action against Boeing on May 8, 2025, and brought two claims: Intentional Discrimination and Failure to Accommodate under the Americans with Disabilities Act. Doc. [1] ¶¶ 58–68. Plaintiff later amended her complaint to include a third claim: Employment Discrimination on the Basis of Engaging in a Protected Activity. Doc. [21] ¶¶ 76–86.

During the litigation in this Court ("the Missouri litigation"), Plaintiff filed a separate action against Boeing in the United States District Court for the Northern District of Illinois ("the Illinois litigation"). Doc. [34] ¶ 59; Doc. [40] ¶ II.6; *Clark v. Boeing*, 1:25-cv-10917, ECF No. 1 at 1 (N.D. Ill. Sept. 1, 2025). Plaintiff has confirmed in the Missouri litigation that the factual claims made in the Illinois litigation are true and accurate. Doc. [34-1] at 32:20–25, 36:13–40:5, 52:22–53:22. As part of the Illinois litigation, Plaintiff seeks unpaid disability compensation under federal and Illinois law and alleges that she has been "totally and permanently disabled" since February 2024. Doc. [34] ¶ 60; Doc. [40] ¶ II.6; *Clark v. Boeing*, 1:25-cv-10917, ECF No. 25 at 3 (N.D. Ill. Dec. 10, 2025). As a result of such disability, Plaintiff alleges in the Illinois litigation that she could not work

at all since February 2024 and "cannot and could not perform the essential functions of her former job at Boeing." Doc. [34] ¶ 59; Doc. [40] ¶ II.6. As of this date, the Illinois litigation remains pending.

## II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden of "informing the district court of the basis for its motion and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citation modified). The movant may satisfy its burden in one of two ways; that is, the movant may either produce evidence negating an essential element of the non-moving party's case, or it may show the non-moving party does not have enough evidence of an essential element of its claims to carry the ultimate burden of persuasion at trial. *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018); Fed. R. Civ. P. 56(c)(1).

Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Bedford*, 880 F.3d at 997. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483

F.3d 516, 526–27 (8th Cir. 2007).[4] Mere "metaphysical doubt as to the material facts" is not enough; rather, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Torgerson*, 643 F.3d at 1042. The Court views any factual disputes in the light most favorable to the nonmoving party and draws reasonable inferences in the non-movant's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007). When ruling on summary judgment, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. Discussion

### A. Plaintiff's claims for intentional discrimination and failure to accommodate fail as a matter of law because Plaintiff cannot establish that she is a "qualified individual" under the Americans with Disabilities Act.

The Americans with Disabilities Act ("ADA") prohibits discrimination based on disability. *Murphey v. City of Minneapolis*, 358 F.3d 1074, 1077 (8th Cir. 2004) (citing 42 U.S.C. § 12112(a)). To establish a claim under the ADA—whether for intentional discrimination or failure to accommodate—a plaintiff must show "(1) that [s]he is disabled within the meaning of the ADA; (2) that [s]he is qualified to perform the essential functions of the job either with or without reasonable accommodation; and (3) that [s]he has suffered adverse employment action because of h[er] disability." *Id.* (citing *Fjellestad v. Pizza Hut of Am., Inc.*, 188 F.3d 944, 948 (8th Cir. 1999)); *accord Schmit v. Trimac Transp., Inc.*,

[4] Plaintiff fails to appreciate this aspect of summary judgment procedure. In her brief, she repeatedly references what she has pleaded and alleged. *E.g.*, Doc. [41] at 6 ("Plaintiff has [p]lead [f]acts"); *id.* at 10 (same); *id.* at 11 (same); *id.* at 13 (same); *id.* at 10 ("Plaintiff has sufficiently alleged conduct in violation of the ADA").

172 F.4th 612, 618 (8th Cir. 2026). A qualified individual is an employee that "(1) possess[es] the requisite skill, education, experience and training for h[er] position, and (2) [is] able to perform the essential job functions, with or without reasonable accommodation." *Fenney v. Dakota, Minn. & E. R. Co.*, 327 F.3d 707, 712 (8th Cir. 2003) (quoting *Heaser v. Toro Co.*, 247 F.3d 826, 830 (8th Cir. 2001)). Here, the Court need not address prongs one and three of Plaintiff's intentional discrimination and failure to accommodate claims because no reasonable juror could find that she satisfies prong two; that is, no reasonable juror could find that Plaintiff can perform the essential functions of her job. *Id.*

Plaintiff alleges in the Illinois litigation that she has been totally and permanently disabled since February 2024, and that she cannot perform the essential functions of her former job at Boeing. Doc. [34] ¶¶ 59, 60; Doc. [40] at ¶ II.6; *Clark v. Boeing*, 1:25-cv-10917, ECF No. 25 at 3 (N.D. Ill. Dec. 10, 2025). In her deposition in the Missouri litigation, Plaintiff confirmed under oath that her allegations of total disability in the Illinois litigation are true and accurate. Doc. [34-1] at 32:20–25, 36:13–40:5, 52:22–53:22.

It is true that a plaintiff who previously swore under oath that she cannot work can still prove that she is qualified in a disability discrimination suit under the ADA if she can "reconcile [her] seemingly contradictory statements." *See Gilmore v. AT & T*, 319 F.3d 1042, 1047 (8th Cir. 2003) (quoting *Lane v. BFI Waste Sys. of N. Am.*, 257 F.3d 766, 769–70 (8th Cir. 2001)). *See also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1280 (11th Cir. 2005) (involving a claim of long-term disability benefits under an ERISA plan); *Opsteen v. Keller Structures, Inc.*, 408 F.3d 390, 392 (7th Cir. 2005) (Easterbrook, J.) (same). Here,

though, Plaintiff makes no effort to reconcile her two statements. In fact, Plaintiff expressly admits in her Response to Statement of Material Facts in the Missouri litigation that she "cannot and could not perform the essential functions of her former job at Boeing." Doc. [34] ¶ 59; Doc. [40] ¶ II.6. Moreover, nowhere in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment in the Missouri litigation does she even mention the Illinois litigation. *See generally* Doc. [41].

Plaintiff's admitted inability to perform the essential functions of her job is irreconcilable with a claim under the ADA. *See Summerville v. Trans World Airlines, Inc.*, 219 F.3d 855, 857 (8th Cir. 2000) ("To prove disability discrimination, [the plaintiff] must show he can perform the essential functions of the job." (citing *Benson v. Nw. Airlines, Inc.*, 62 F.3d 1108, 1112 (8th Cir. 1995))). Thus, not only has plaintiff failed to provide a "sufficient" explanation, *see Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 807 (1999), she has admitted that she cannot do so. That admission is enough to doom her intentional discrimination and failure to accommodate claims. *See Schmit*, 172 F.4th at 619 ("[A] person who applied for disability benefits must live with the factual representations made to obtain them, and if these show inability to do the job then an ADA claim may be rejected without further inquiry." (quoting *Opsteen*, 408 F.3d at 392)).

Nevertheless, Plaintiff presses on with these two claims. She points to several pieces of evidence that she says establish her qualifications. None of them are sufficient or even relevant. Plaintiff cites: (1) her consistent "met" performance ratings by her supervisors; (2) her incentive awards; and (3) positive statements from previous supervisors. Doc. [41] at 5. All three metrics are irrelevant because they are from *before*

February 2024, when Plaintiff claims to have developed her disability. *Id.*; Doc. [34] ¶ 60; Doc. [40] ¶¶ II.6, III.28. Moreover, since Plaintiff began a leave of absence from work in January 2024 and continued it until her termination in February 2025, there are no performance metrics relating to her during this time, as she did not work at all. Doc. [34] ¶¶ 34, 58; Doc. [40] ¶¶ II.3, II.6. Plaintiff has not pointed to any evidence establishing that she was qualified for her position any time after February 2024.

In sum, Plaintiff cannot operate from two contradictory positions. She cannot claim in this proceeding that she is qualified for her position, while claiming in another proceeding that she is totally and permanently disabled and unable to perform the essential functions of her former job at Boeing. Therefore, this Court must grant summary judgment against Plaintiff on her intentional discrimination and failure to accommodate claims.

**B. Plaintiff's ADA retaliation claim fails as a matter of law because Defendant had a legitimate, nondiscriminatory reason for terminating Plaintiff, and Plaintiff has not shown that this reason was pretextual.**

Plaintiff does not contend that she has direct evidence of retaliation. *See* Doc [41] at 4; *see also Bakhtiari v. Lutz*, 507 F.3d 1132, 1137 n.3 (8th Cir. 2007) ("The term 'direct evidence,' as used, is simply evidence, which if believed, proves the existence of a fact in issue without inference or presumption." (citing *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004))); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994) (per curiam) (similar). Her claim of retaliation therefore is subject to the burden-shifting *McDonnell-Douglas* framework. *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042–43 (8th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411

U.S. 792, 802 (1973)).[5] "Under this framework, the initial burden is on the plaintiff to establish a prima facie case, consisting of evidence: "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Id.* (citing *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 914 (8th Cir. 2006)); *accord Trambly v. Bd. of Regents of Univ. of Neb.*, 145 F.4th 922, 927 (8th Cir. 2025). "If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to show a 'non retaliatory reason for the adverse employment action.'" *Stewart*, 481 F.3d at 1042 (quoting *Green*, 459 F.3d at 914). This burden is "not onerous, and the explanation need not be demonstrated by a preponderance of the evidence." *Anderson v. KAR Glob.*, 78 F.4th 1031, 1038 (8th Cir. 2023) (quoting *Floyd v. Mo. Dep't of Soc. Servs., Div. of Fam. Servs.*, 188 F.3d 932, 936 (8th Cir. 1999)). "If the defendant can show a legitimate, non-retaliatory reason for its actions, the burden returns to the plaintiff who is then obliged to present evidence that (1) creates a question of fact as to whether defendant's reason was pretextual and (2) creates a reasonable inference that defendant acted in retaliation." *Stewart*, 481 F.3d at 1043 (quoting *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005)) (citation modified); *accord Lors v. Dean*, 746 F.3d 857, 868 (8th Cir. 2014).

---

[5] The Supreme Court has never held that using the *McDonnell-Douglas* framework is appropriate at the summary-judgment stage. *See Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 308 n.2 (2025) (assuming, without deciding, that it applies at the summary-judgment stage of litigation). Some have noted that the framework "is incompatible with the summary-judgment standard." *Id.* at 332 (Thomas, J., joined by Gorsuch, J., concurring). *See also* Sandra F. Sperino, *Irreconcilable:* McDonnell Douglas *and Summary Judgment*, 102 N.C. L. Rev. 459, 506 (2024). Because the U.S. Court of Appeals for the Eighth Circuit has repeatedly approved of using the framework at summary judgment, this Court follows that precedent.

Here, assuming *arguendo* that Plaintiff can make a prima facie case of retaliation under *McDonnell-Douglas*, her claim nonetheless fails because Defendant has asserted a legitimate, nondiscriminatory reason for Plaintiff's termination, and Plaintiff has admitted that such reason is legitimate. Defendant claims that it terminated Plaintiff as part of a company-wide RIF involving over 10,000 employees; Plaintiff does not dispute this assertion. Doc. [34] ¶ 49; Doc. [40] ¶ II.4. Defendant also claims in paragraph 50 of its Statement of Uncontroverted Material Facts that it included her in the RIF in part because her position, Supply Chain Management Analyst 3, performed work that had been transitioned to the Materials Management Department, making the position "effectively no longer needed." Doc. 34 ¶¶ 1, 50. A RIF qualifies as a legitimate, nondiscriminatory reason for termination under *McDonnell-Douglas*, so Plaintiff bears the burden of showing that this offered reason was pretextual. *See Anderson*, 78 F.4th at 1038 (finding a RIF a legitimate, non-discriminatory reason for termination of an employee in an ADA discrimination suit (citing *Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 638 (8th Cir. 2011))).

Plaintiff makes no such showing that this offered reason was pretextual. In fact, her Response to Defendant's Statement of Uncontroverted Material Facts implicitly acknowledges that Defendant's justification is legitimate. In paragraph I.9 of her Response, Plaintiff disputes aspects of Defendant's paragraph 50. Doc. [40] ¶ I.9. However, Plaintiff does not dispute the claim in paragraph 50 that Plaintiff's work had been transitioned to a different department and was "effectively no longer needed." *Id.*; Doc [34] ¶ 50. Pursuant to Local Rule 4.01(E), "[a]ll matters set forth from the moving

party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." *Accord* Fed. R. Civ. P. 56(e)(2). Since Plaintiff does not specifically controvert Defendant's claim that her job was no longer needed, this Court accepts Defendant's claim that Plaintiff's position was no longer needed as true. Plaintiff has not pointed to any evidence that creates a question of fact as to whether Defendant's reason was pretextual and creates a reasonable inference that Defendant acted in retaliation. Her retaliation claim therefore also fails.

## IV. Conclusion

No reasonable juror could find that Plaintiff is a "qualified individual" for purposes of an intentional discrimination or failure to accommodate claim under the ADA. Additionally, no reasonable juror could find in favor of Plaintiff on her retaliation claim, as Boeing has presented a legitimate, nondiscriminatory reason for its decision to terminate her, and Plaintiff has presented no evidence that such a decision was merely pretextual.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Boeing Company's Motion for Summary Judgment, Doc. [33] is **GRANTED**. A separate judgment will be entered herewith.

Dated this 31st day of August 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE